UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN FARM BUREAU LIFE
INSURANCE COMPANY,

        Plaintiff,

vs.                                               Case No. 8:06-CV-840-T-27EAJ

CAROLYN D. BANKO, in her personal
capacity as Representative of the Estate of
Joseph Banko, and MARIA ARACELY
SECO (BANKO),

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Dismiss Defendant Carolyn Banko's Counterclaim (Dkt. 20), to which Defendant has responded in opposition (Dkt. 23). Upon consideration, Plaintiff's motion is denied.

### *Background*

Plaintiff commenced this interpleader action on May 4, 2006 due a dispute between the defendants over the life insurance proceeds of its insured, Joseph Banko. (Dkt. 1). In brief, the policy named Mr. Banko's former wife, Defendant Maria Aracely Seco as the sole beneficiary. (Dkt. 1, ¶ 8). Defendant Carolyn Banko ("Defendant"), Mr. Banko's mother, claimed that this designation was voided by the separation agreement between her son and Ms. Seco. (Dkt. 1, ¶ 12). She also brought a counterclaim, which is the subject of this motion to dismiss, claiming that Plaintiff was negligent in describing the procedures necessary for Mr. Banko to change his beneficiary from Ms. Seco to Defendant.

1

Mr. Banko's policy required him to notify Plaintiff's Home Office in order to change a beneficiary. (Dkt. 19, ¶ 39). Defendant contends that because Plaintiff did not provide the Home Office address or other instructions, Mr. Banko instead wrote to his local agent. (Dkt. 19, ¶ 41). Defendant contends that Plaintiff "had a duty to provide clear meaningful instructions and pertinent information on how to effectively change a beneficiary." (Dkt. 19, ¶ 40). Defendant contends that Plaintiff breached this duty by not providing an address or other instructions. (Dkt. 19, ¶ 41). Defendant alleges that this negligence "caused CAROLYN BANKO to be excluded as the intended thirty-party beneficiary of the Policy and not to receive the proceeds of the Policy upon the death of JOSEPH BANKO." (Dkt. 19, ¶ 43).

In its motion to dismiss, Plaintiff argues that Defendant's counterclaim must be dismissed pursuant to the "filed form rule," the doctrines of primary jurisdiction and exhaustion of administrative remedies, and the economic loss rule.

***Standard***

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Rule 8 of the Federal Rules of Civil Procedure requires only that Plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683

(11th Cir. 2001).

### *Discussion*

Plaintiff first argues that the claim should be dismissed under the "filed form doctrine." Under federal law, the "filed *rate* doctrine" "forbids a regulated entity to charge rates for its services other than those properly filed with the appropriate federal regulatory authority." *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1315 (11th Cir. 2004). Plaintiff has cited one case in which this doctrine was extended to title insurance premiums. *Morales v. Attorneys' Title Ins. Fund, Inc.*, 983 F. Supp. 1418, 1428 (S.D.Fla. 1997). However, there is, as Plaintiff concedes, no "filed form doctrine" under Florida law. Nor has Plaintiff cited any case that indicates that regulatory approval of an insurance policy form bars suits over policy language.

Plaintiff also argues that the claim is barred by the "doctrine of primary jurisdiction" and "exhaustion of administrative remedies." Plaintiff argues that the Florida Office of Insurance Regulation (OIR) is the correct forum for this claim. However, Plaintiff has failed to cite one case that suggests a claim challenging a policy's language is within the sole jurisdiction of the OIR.[1] On the other hand, claims similar to the Defendant's have been adjudicated in the courts of law. *See e.g., N. Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881-82 (5th Cir. 1998) (finding plaintiff's negligence claim dealing with failure to change the beneficiary was barred as a compulsory counterclaim that should have been raised in the interpleader proceeding); *Barnes v. Prudential Ins. Co.*, 76 F.3d 889, 891 (8th Cir. 1996) (reversing grant of judgment as a matter of law in negligence case alleging failure to change a beneficiary).

Plaintiff also moves for dismissal based on the economic loss doctrine, which may properly

---

[1] Other cases have held that insurance premium disputes are the proper subject for the OIR. *Am. Home Assurance Co. v. Phineas Corp.*, 347 F. Supp. 2d 1231, 1236 (M.D.Fla. 2004) (reviewing Florida cases holding that administrative forum was proper to challenge insurance premium calculations).

3


be the basis of a motion to dismiss. *Airport Rent-A-Car, Inc. v. Prevost Car, Inc.*, 67 F.3d 901, 902 (11th Cir. 1995). The Florida Supreme Court has held that the economic loss rule bars negligence actions seeking economic damages "only in circumstances where the parties are either in contractual privity or the defendant is a manufacturer or distributor of a product." *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 534 (Fla. 2004). The rationale of the privity rule is to "prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id.* at 536.

It does not appear from the face of Defendant's counterclaim that the economic loss rule would apply under either circumstance. Defendant has not alleged that the parties are in privity, nor has it alleged that Plaintiff is a product manufacturer or distributor. The Florida Supreme Court has clearly instructed that "cases that do not fall into either of the two categories . . . . should be decided on traditional negligence principles of duty, breach, and proximate cause." *Id.* at 543; *see e.g. Biscayne Inv. Group, Ltd. v. Guarantee Mgmt Serv., Inc.*, 903 So. 2d 251, 256 (Fla. 3d. DCA 2005) (negligence claim not barred by economic loss doctrine where plaintiffs were not in privity with the defendant).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendant Carolyn Banko's Counterclaim (Dkt. 20) is **DENIED**.

**DONE AND ORDERED** in chambers this _10th_ day of October, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record